**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

VEHICLE VIN
#JN1HZ14S93X001742, 1984

No. 97-1355

NISSAN 300ZX, With all
Appurtenances and Attachments
thereon,
Defendant,

DENNIS E. FORT,
Claimant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Malcolm J. Howard, District Judge.
(CA-91-99-H)

Submitted: March 31, 1998

Decided: May 21, 1998

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dennis E. Fort, Appellant Pro Se. Stephen Aubrey West, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dennis Fort appeals from the district court order denying his "Motion to Return Property or Just Compensation." We affirm.

Fort's motion involves the forfeiture of a vehicle seized from his possession and forfeited via a default judgment under 21 U.S.C. § 881(a)(4) (1994). The vehicle was titled to Fort's father, who received notice and made a timely claim. Fort, however, contends that he was the actual owner of the vehicle and was therefore entitled to notice under 19 U.S.C.A. § 1607 (West 1994 & Supp. 1997). He alleges that he did not receive this notice and requests the return of the vehicle or just compensation.

Although Fort was in possession of the vehicle and now claims to be the true owner, there is no indication that he previously claimed ownership of the vehicle. On these facts, we conclude that the Government lacked sufficient cause to be aware of Fort's alleged interest. See United States v. $321,470.00, U.S. Currency , 874 F.2d 298 (5th Cir. 1989) (providing that claim of possession, standing alone, is generally insufficient to confer standing). Further, Fort cannot credibly assert that he was unaware of the vehicle's seizure as the facts clearly indicate that Fort was present at the time. The record also contains a copy of the notice allegedly provided to Fort at the time of seizure. All of these facts lead us to conclude that Fort had actual knowledge of the seizure.

Addressing Fort's contention that the notice of forfeiture contained in the record was falsified by the signatory officer, we believe that Fort's actual notice, coupled with the fact that the evidence demonstrated a clear governmental right to forfeiture of the property, prevents him from recovering either the vehicle or just compensation therefore.

2

Fort's remaining claims, that the seizing officer violated 18 U.S.C.A. § 1001 (West 1994 & Supp. 1997), and that he was entitled to additional notice once the forfeiture moved from an administrative to a judicial forum are without merit. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED